IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BIGMOUTH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FLOATING PANDA and JOHN DOE, )<br>)<br>Defendants. )<br>) | Civil Action No. 3:16-cv-1195 |

## COMPLAINT

1.  This is an action for trademark counterfeiting and trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, et seq., the Anti-Counterfeiting Consumer Protection Act of 1996, 15 U.S.C. §1116(d), the Copyright Act, 17 U.S.C. §§ 106 and 501, as well as related state law claims arising from defendant Floating Panda's ("Floating Panda") willful counterfeiting of an identical trademark to that owned and used by plaintiff, BigMouth, Inc. ("BigMouth") and unauthorized use of BigMouth's copyrighted works in connection with competing goods in an attempt to harm and divert customers away from BigMouth.  Upon information and belief, Floating Panda has knowingly and intentionally sold to consumers counterfeit BigMouth pool floats in violation of federal and state law.  The value of the subject matter in controversy, exclusive of interest and costs, exceeds $75,000.  This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

2.  This Court has personal jurisdiction over Floating Panda.  Floating Panda has transacted business within the state of Connecticut and in this judicial district, and also by offering its counterfeit goods for sale on a nationwide basis.  Venue is proper in

1

this district pursuant to 28 U.S.C. § 1391.

## I.   Parties

3. Plaintiff BigMouth, Inc. is a Connecticut corporation with its principal place of business in Glastonbury, Connecticut. BigMouth is a leading national manufacturer of novelties and toys, including inflatable pool floats of various types. BigMouth sells products through retail stores, authorized resellers, and various online marketplaces, including Amazon.com.

4. Upon information and belief, defendant, Floating Panda, whose name and address are presently unknown, does business or has done business and sold counterfeit BigMouth products to customers, nationwide and within the state of Connecticut through various online commerce sites including but not limited to, Amazon.com using the seller name, "Floating Panda."

5. John Doe is the individual or entity that runs Floating Panda, including but not limited to its Amazon.com seller account. The true name of John Doe is unknown to BigMouth at this time. BigMouth believes that information obtained in discovery will lead to the identification of John Doe. BigMouth will amend this Complaint to include the name and residence of John Doe once ascertained. For purposes of this Complaint, all allegations and claims asserted against Floating Panda include and are asserted against John Doe as well.

## II.   Facts

A. *BigMouth And Its Trademark Usage*

6. BigMouth is the sole and exclusive owner of the federally registered mark BIGMOUTH INC.® on the U.S. Patent and Trademark Office's ("PTO") Principal

Register.  BigMouth has continuously used BIGMOUTH INC.® (the "BigMouth Mark") as a mark and the salient feature of its trade name for at least four years.  A printout from the PTO Trademark Electronic Search System ("TESS") reflecting this registration is attached hereto as Exhibit 1.  BigMouth's registration remains in full force and effect.

7. BigMouth also has acquired common law rights in the BigMouth Mark throughout the United States.

8. The BigMouth Mark is well-known and famous.  The goodwill associated with the BigMouth Mark is a valuable asset.  BigMouth has expended great effort and considerable resources in the promoting and advertising of its goods and services under the BigMouth Mark.  As a result of this widespread and continuous use and promotion, the BigMouth Mark identifies BigMouth as the source of goods and services identified in the registration of the BigMouth Mark.

### B. *BigMouth's Copyright Usage*

9. BigMouth uses, owns, and has registered in the Copyright Catalog of the United States Copyright Office the following copyrights on the packaging and surface design of its products (hereinafter, the "Infringed Visual Materials"):

| Copyright | Registration No. | Registration Date | Type of Work |
| --- | --- | --- | --- |
| The Gigantic Donut Pool Float Product Package Artwork | VA0001931214 | 2/4/2014 | Visual Material |
| The Gigantic Donut Pool Float | VA0001931220 | 2/4/2014 | Visual Material |
| Chocolate Donut Pool Float - Packaging | VA0001967437 | 8/18/2015 | Visual Material |

| Giant Pineapple Float | VA0001996685 | 2/16/2016 | Visual Material |
| Giant Pineapple Float - Packaging | VA0001989574 | 2/4/2016 | Visual Material |

10. The Registration Numbers for the above Infringed Visual Materials were duly and legally issued by the United States Copyright Office to BigMouth, the owner of these copyrights. BigMouth's registrations are in full force and effect.

11. BigMouth does not permit unauthorized parties to access, copy, mirror, or in any way use its copyrighted materials, including the Infringed Visual Materials.

### C. BigMouth's Amazon.com Sales

12. BigMouth sells its products through a carefully selected network of authorized dealers and also through various online platforms including Amazon.com.

13. BigMouth products sold on Amazon.com are identified by the inclusion of "BigMouth Inc." in the title of the online product listing and BigMouth is also identified as the product source at the top of all product listings, with a link to BigMouth's Amazon.com profile.

14. In addition, products sold on Amazon.com utilize bar codes with numeric product identification codes that uniquely identify the product, manufacturer, and the product's attributes. While two commonly used identification codes are The International Standard Book Number (ISBN) and European Article Number (EAN), Amazon.com also has its own unique product identification code system to identify items called the Amazon Standard Identification Number ("ASIN").

15. All BigMouth products sold through Amazon.com have an ASIN, which is displayed on all product packaging. These ASINs identify BigMouth as the source of

the respective products.

### D.     Floating Panda's Wrongful Acts

16. BigMouth recently discovered that counterfeit BigMouth products, particularly, pool floats, were being sold by Floating Panda on Amazon.com. These products were similar in appearance to genuine BigMouth goods, but were inferior in quality. Consumers who purchased these items had no idea they were purchasing a counterfeit product rather than the genuine article.

17. Floating Panda sold the counterfeit BigMouth products through the BigMouth product listings on Amazon.com that clearly identify the products as being manufactured and sold by BigMouth.

18. Further, Floating Panda sold counterfeit BigMouth products using the ASINs assigned by Amazon.com that identify the product and BigMouth brand. The counterfeit products included these ASINs on their packaging, just like genuine BigMouth products.

19. As soon as this discovery was made, BigMouth began regularly monitoring Amazon.com and other online commerce sites in order to try to prevent sales of counterfeit BigMouth goods and take enforcement action as appropriate against sellers of counterfeit BigMouth goods.

20. BigMouth has sent several letters to Floating Panda regarding its unlawful conduct and demanded that it immediately cease and desist from selling counterfeit BigMouth products. Floating Panda refused to stop selling counterfeit BigMouth products.

21. BigMouth purchased several products from Floating Panda through

5

Amazon.com in order to determine whether it was selling genuine BigMouth products. Upon analyzing the products purchased from Floating Panda, BigMouth determined they were counterfeit based on type and quality of materials, surface design, coloration, and other characteristics containing differences between the counterfeit product and packaging and that of genuine BigMouth goods.

22. Floating Panda either sold or offered for sale counterfeit BigMouth products, or committed acts in furtherance of such sales, such as providing false feedback to enable the counterfeit sellers to gain credibility in order to make sales. In both of the cases described herein, Floating Panda continued to sell or offer for sale counterfeit products after BigMouth put it on notice that it was selling counterfeit BigMouth products. Accordingly, Floating Panda either knew or acted in reckless disregard of circumstances suggesting that the products it was selling were counterfeit, and its actions were therefore knowing and willful.

23. At some point, Floating Panda stopped using BigMouth's ASINs and Amazon.com product listings and instead began offering for sale and selling similar products, labeling them as "Floating Panda" products.

24. Floating Panda uses the Infringed Visual Materials in its new "Floating Panda" Amazon.com product listings.

25. Floating Panda also uses images of BigMouth products to which the Infringed Materials apply in its new "Floating Panda" Amazon.com product listings.

26. Floating Panda's use of the BigMouth Mark, Infringed Visual Materials, and images of BigMouth products, is likely and intended to deceive and confuse consumers into believing that the products sold by it are sponsored by, authorized by, associated

with and/or originate from BigMouth.

27. Floating Panda offered for sale and sold counterfeit products to purchasers nationwide including purchasers in the state of Connecticut.

28. If Floating Panda's unlawful acts are allowed to continue, BigMouth will suffer irreparable injury.

### COUNT I – TRADEMARK COUNTERFEITING AND INFRINGEMENT

29. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

30. Floating Panda's sales of counterfeit BigMouth products were likely to cause, actually caused, and were willful and intended to cause confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark counterfeiting under 15 U.S.C. 1114(1)(b).

31. As a direct and proximate result of Floating Panda's actions, BigMouth has suffered substantial damages. BigMouth is entitled to an injunction and to recover the Floating Panda's profits, all damages sustained by BigMouth, treble those profits and damages, and the cost of this action, plus interest, under 15 U.S.C. § 1117(a) and (b), which amounts are yet to be determined.

32. As a direct and proximate result of Floating Panda's acts of willful trademark counterfeiting, BigMouth is entitled to recover, under 15 U.S.C. § 1117(c)(2), $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Floating Panda.

## COUNT II – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

33. The allegations of paragraphs 1-32 are restated and realleged as though fully set forth herein.

34. Floating Panda has infringed the rights of BigMouth in the BigMouth Mark, which constitutes false designation of origin under 15 U.S.C. § 1125 and the common law.

## COUNT III - COPYRIGHT INFRINGEMENT

35. The allegations of paragraphs 1-34 are restated and realleged as though fully set forth herein.

36. Floating Panda has infringed BigMouth's copyrights in the Infringed Visual Materials in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

## COUNT IV – UNFAIR TRADE PRACTICES

37. The allegations of paragraphs 1-36 are restated and realleged as though fully set forth herein.

38. Floating Panda has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110a *et seq.*

## RELIEF REQUESTED

WHEREFORE, BigMouth requests that this Court:

A. Preliminarily and permanently enjoin the Floating Panda, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from using the BigMouth Mark or any mark confusingly similar to the BigMouth Mark,

      whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, and unfair trade practices.

B.   Preliminarily and permanently enjoin the Floating Panda, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from infringing BigMouth's copyrights in the Infringed Visual Materials in the advertising of any products marketed distributed or sold by Floating Panda, including, but not limited to, the Amazon.com listings described above.

C.   Direct Floating Panda to pay BigMouth the actual damages and profits realized by Floating Panda, and the costs of this action pursuant to 15 U.S.C. § 1117(a), C.G.S.A. § 42-110g(a), or otherwise.

D.   Enter judgment that Floating Panda's acts of infringement, false designation of origin, and unfair trade practices have been knowing and willful.

E.   Direct Floating Panda to pay BigMouth, pursuant to the Anti-Counterfeiting Consumer Protection Act of 1996, statutory damages in an amount not to exceed two million dollars ($2,000,000) for each use of the BigMouth Mark a counterfeit of which Floating Panda has used in connection with its business, as authorized by 15 U.S.C. § 1117(c)(2) (as modified by the Enforcement of Intellectual Property Rights Act of 2008).

F.   Award BigMouth its attorneys' fees and costs in prosecuting this action, pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, C.G.S.A. § 42-110g(a), or

otherwise.

G.  Award BigMouth treble damages pursuant to 15 U.S.C. § 1117(b) and punitive damages pursuant to C.G.S.A. § 42-110g(a), or otherwise.

H.  Order Floating Panda to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Floating Panda's infringing acts.

I.  Order the recall, impounding and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise.

J.  Award BigMouth such further relief as this Court may deem just and proper.

## JURY TRIAL CLAIM

BigMouth hereby requests trial by jury on all claims so triable.

Respectfully submitted,

BigMouth, Inc.

by its attorneys,

*/s/ Sean R. Higgins*
Sean R. Higgins (Bar No. ct28279)
sean.higgins@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Phone: 617-261-3100
Dated: July 15, 2016                Fax: 617-261-3175